EMIL W. SIEFKEN AND EMMA S. SIEFKEN, PLAINTIFFS,
v. CHARLES SOMMERS AND ALVINA BECKMAN., DE-
FENDANTS.

Submitted June 5, 1924—Decided September 29, 1924—Filed
October 7, 1924.

**Ejectment—Leased Premises—Mesne Profits—Question of Damages Only—Improvements Claimed—Verdict Against Weight of Evidence.**

On rule to show cause.

Before Justices KALISCH, BLACK and CAMPBELL.

For the plaintiffs, *Wall, Haight, Carey & Hartpence.*

For the defendants, *Lazarus, Brenner & Vickers.*

PER CURIAM.

This is an action in ejectment to recover possession of certain leased premises and to recover *mesne* profits and damages. There was a written lease under which there was an option to purchase to the defendant Sommers, who filed a bill for specific performance, which was ultimately dismissed. The property is held by plaintiffs by an estate by the entirety, and Emil W. Siefken. the husband, alone executed the lease. After the dismissal of the bill in the action for specific performance the present action in ejectment was brought, and there have been two trials of that action. The first trial, as did the present one, resulted in a nominal verdict of six cents in favor of the plaintiffs.

The verdict and judgment thereon resulting from the first trial was set aside by this court upon a rule to show cause. and a rule entered for a trial *de novo* as to damages only.

Thus, upon the second trial, the only issue was the amount of damages.

We are satisfied the verdict is against the weight of the evidence. There was ample, competent evidence of the rental value of the premises which must have been absolutely disregarded by the jury. The occupancy, without payment of rental, was for two years and eight months, and, at the lowest rental testified to of $40 per month, the rental value for such period would be $1,280.

Defendant sought to offset an alleged expenditure for repairs or improvements of $600 or $700. Even if this could have been offset against the aforesaid rental value, plaintiffs would still have been entitled to a verdict of $580 or $680.

But we think, further, that defendant Sommers cannot have a recovery or offset for these items.

If they are for improvements he cannot have them as a tenant or occupant in unlawful possession, and such he was. Nor can he have them as for repairs, because, under the lease, there was no specific agreement upon the part of the landlord to make repairs. *Lyon* v. *Buerman,* 70 *N. J. L.* 620.

The rule to show cause is therefore made absolute, and a *venire de novo* awarded as to damages only.